1

2

3

4                              UNITED STATES DISTRICT COURT

5                            NORTHERN DISTRICT OF CALIFORNIA

6

7    RAFAEL SALAS,                              Case No.  14-cv-01676-JST (PR)

                   Plaintiff,
8
                                                **ORDER GRANTING IN PART AND**
9         v.                                    **DENYING IN PART MOTION TO**
                                                **COMPEL**
10   MICHAEL GOMEZ, et al.,
                                                Re: Dkt. No. 71
         Defendants.
11

12

13                                   **INTRODUCTION**

14         On April 11, 2014, Plaintiff, a California prisoner incarcerated at Pelican Bay State Prison

15   ("PBSP") and proceeding *pro se*, filed the above-titled civil rights action under 42 U.S.C. § 1983.

16   Plaintiff now moves to compel further responses to his request for production of documents.

17   (Docket No. 71.)  Defendants oppose the motion.  For the reasons discussed below, the motion to

18   compel will be granted in part and denied in part.

19                                   **BACKGROUND**

20   **A.    Plaintiff's Claims**

21         Plaintiff claims that PBSP officials and staff have impeded his efforts to practice his

22   Jewish religion.  On June 6, 2015, the Court found that Plaintiff's First Amended Complaint

23   ("FAC") stated the following cognizable claims:

24         (1) kitchen staff employees Cooper, Plunkett, Reidel, Ireland, and Young; Supervising

25   Correctional Cooks Gomez and Halls; Correctional Business Manager Lemos; Correctional Food

26   Managers Sojka and Rias; Community Resource Manager Losacco; Warden Lewis; and Chief

27   Deputy Warden Ducart violated Plaintiff's First Amendment rights to the free exercise of religion,

28   and violated his rights under the Religious Land Use and Institutionalized Persons Act

United States District Court
Northern District of California

("RLUIPA"), 42 U.S.C. § 2000cc-1 by denying his requests for a religious diet and other religious accommodations;

(2) CDCR Departmental Food Administrator Maurino violated Plaintiff's First Amendment rights to the free exercise of religion and his rights under RLUIPA based on her role in developing and administering new diet programs at CDCR institutions;

(3) kitchen staff employees Cooper, Plunkett, Reidel, Ireland, and Young; Supervising Correctional Cooks Gomez and Halls; Correctional Business Manager Lemos; Correctional Food Managers Sojka and Rias; Community Resource Manager Losacco; Warden Lewis; and Chief Deputy Warden Ducart violated Plaintiff's Eighth Amendment right to be free from cruel and unusual punishment by failing to provide him food that he could eat consistent with his religious beliefs; and

(4) Correctional Captain Osborne, Correctional Administrator Bradbury, Facility Captain Walsh, and Correctional Counselors Webster and Markel's refusal to transfer Plaintiff to a new prison violated his First Amendment religious freedom, RLUIPA, and Eighth Amendment rights. *See* Docket No. 67 at 4–6.

**B.    Plaintiff's Motion to Compel**

On February 11, 2015, Plaintiff served a request for production of documents ("RFP")[1] on Defendants. *See* Docket No. 71-1 at 1.  On March 12, 2015, Plaintiff informed Defendants via letter that he had not received a timely response and that Defendants' objections were therefore waived. *See* Docket No. 71-2 at 2–3.  He requested that Defendants produce documents responsive to his RFP.  *See id.*  On March 17, 2015, Defendants timely served responses to the RFP[2] and produced documents bates-stamped CDCR 00001-00164.  *See* Docket No. 73 at 2 and Fed. R. Civ. P. 5(b)(2)(C) and 6(d).  In their responses, Defendants stated that they would not produce any further documents.  *See* Docket No. 71-2 at 9–12 and Docket No. 73 at 2.  On March 16, 2015, Defendants responded to Plaintiff's letter dated March 16, 2015.

[1] A copy of the RFP is contained in Plaintiff's motion to compel at Docket 71-2 at 2–3.

[2] A copy of Defendants' responses are contained in Plaintiff's motion to compel at Docket 71-2 at 9–17.

United States District Court
Northern District of California

On April 6, 2015, Plaintiff filed a motion to compel further responses to his RFP, *see* Docket No. 53, which the Court denied without prejudice for failing to certify that he had fulfilled the meet-and-confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a), *see* Docket No. 58.

On April 30, 2015, Defendants reiterated to Plaintiff, via written letter, that their responses had been timely and complete.  *See* Docket No. 71-2 at 20–21.  On May 3, 2015, Plaintiff responded to Defendants' April 30, 2015 letter, again requesting further responses to his RFP.  *See* Docket No. 71-2 at 29–31.  Plaintiff has therefore fulfilled the meet-and-confer requirements under Rule 37(a)(1) of the Federal Rules of Civil Procedure and Civil Local Rule 37-1(a).  *See* Fed. R. Civ. P. 37(a)(1) and L.R. 37-1(a).

Overall, Defendants have produced 399 pages of responsive documents.  *See* Docket No. 73 at 3.  Defendants state that these documents include information on Kosher meal vendors, Kosher menus, nutritional information for Kosher meals, the statewide procedure for Kosher meals, the prison's local operating procedure related to religious programs, Plaintiff's prison grievances, and the prison's response to these grievances.  *See id.*

## DISCUSSION

A party may obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1).  "Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).  "Relevancy, for the purposes of discovery, is defined broadly, although it is not without ultimate and necessary boundaries." *Gonzales v. Google, Inc.*, 234 F.R.D. 674, 679–80 (N.D. Cal. 2006).

### A.     Document Request No. 1

Document Request No. 1 requests:

> [a]ny and all grievances, complaints, or other documents received by prison staff concerning the preparation and serving of inmates (Kosher) meals and any memorandums, investigation files or other documents created in response to such complaints since November 1, 2012.

*See* Docket No. 71 at 1.  Defendants have produced all grievances from Plaintiff that concern the

United States District Court
Northern District of California

1  claims he has raised in this action, totaling 164 pages of documents.  *See* Docket No. 71-2 at 10.

2  Defendants refuse to produce any further documents on two grounds.

3  First, Defendants claim that California laws prohibit them from releasing information from

4  the central files of other inmates.  Specifically, section 3370(b) of the California Code of

5  Regulations, title 15, prohibits inmates from having access to another [inmate]'s case records file

6  . . . or component thereof" except "by means of a valid authorization, subpoena, or court order."

7  15 Cal. Code Regs. § 3370(b).  The California Department of Corrections and Rehabilitation

8  Operations Manual ("DOM") prohibits the dissemination of an inmate's records to other inmates

9  without "prior written, voluntary, and timely consent of the individual to whom the record

10 pertain[.]"  DOM § 13030.14.

11 Second, Defendants claim that the request is unmanageable and "impossibly" burdensome

12 because it is not limited to Pelican Bay inmates, and because the manner in which inmate

13 grievances are kept mean that grievances cannot easily be searched by subject matter.

14 Plaintiff argues that Defendants' objections are meritless because the existence of other

15 inmate complaints regarding their Kosher diet could lead to the discovery of admissible evidence;

16 Defendants could redact identifying information from the complaints; the likely benefit outweighs

17 any burden to Defendants; and such information could reveal more culpable parties.  *See* Docket

18 No. 71-2 at 30.

19 The Court finds that Defendants have adequately responded to RFP No. 1.  Defendants'

20 objections are sustained.  Section 3370(b) of the California Code of Regulations, title 15, and

21 Section 13030.14 of the DOM prohibit the release of this information.  There is no exception for

22 release of this information in redacted form.  Moreover, the documents are not relevant to the

23 claims in the instant litigation, namely whether Defendants violated Plaintiff's rights.  The

24 documents sought concern whether CDCR employees have violated the First Amendment and

25 RLUIPA rights of *other* California prisoners.  After considering the needs of the case and the

26 importance of the requested discovery in resolving the issues, the Court finds that the burden of

27 the proposed discovery outweighs its likely benefit.  *See* Fed. R. Civ. P. 26(b)(2)(C)(iii).  The

28 Court therefore DENIES Plaintiff's motion to compel further responses to RFP No. 1.

1

**B.      Document Request No. 2**

2

Document Request No. 2 requests:

3

[a]ny and all information about the defendants with respect to prior records that may be relevant to their credibility and other issues such as documents of personnel complaints.

4

(Docket No. 71 at 2.)  Defendants have produced no documents in response to this request.

5

Defendants object that the documents seek information protected by the official information

6

privilege; and that the request for "prior records" is vague.  (Docket No. 72 at 4–5.)  Plaintiff

7

responds that the responsive documents can be redacted to hide personal information; that

8

evidence that "repeated complaints about unsanitary-wholesome food have been made and that

9

defendants did not act on such information" is relevant to establish supervisory liability; and that

10

"[e]vidence of prior incidents by prison personnel . . . is relevant to 'motive, opportunity, intent,

11

preparation, plan, knowledge, identity or absence of mistake or accident.'"  (Docket No. 71-2 at

12

30–31.)

13

"Federal common law recognizes a qualified privilege for official information."  *Sanchez*

14

*v. City of Santa Ana*, 936 F.2d 1027, 1033 (9th Cir. 1991).  The privilege is "broad enough to

15

cover all disparate kinds of data and communications that can be involved in these types of" civil

16

rights cases against governmental actors.  *Kelly v. City of San Jose*, 114 F.R.D. 653, 659 (N.D. Cal

17

1987).  Government personnel files are among the types of official information to which the

18

privilege may be applied.  *See Sanchez*, 936 F.2d at 1033.  "To determine whether the information

19

sought is privileged, courts must weigh the potential benefits of disclosure against the potential

20

disadvantages.  If the latter is great, the privilege bars discovery."  *Id.* at 1033–34.  The party

21

opposing disclosure must make a substantial threshold showing by submitting a declaration or

22

affidavit from a responsible person "stat[ing] with specificity the rationale of the claimed

23

privilege."  *Kerr v. United States Dist. Ct. for the Northern Dist. of Cal.*, 511 F.2d 192, 198 (9th

24

Cir. 1975).  In order for the Court to determine whether the official information privilege applies,

25

a defendant must provide with the objection a declaration or affidavit containing (1) an affirmation

26

that the agency generated or collected the material in issue and has in fact maintained its

27

confidentiality, (2) a statement that the official has personally reviewed the material in question,

28

United States District Court
Northern District of California

1    (3) a specific identification of the governmental or privacy interests that would be threatened by

2    disclosure of the material to the plaintiff, (4) a description of how disclosure subject to a carefully

3    crafted protective order would create a substantial risk of harm to significant governmental or

4    privacy interests, and (5) a projection of how much harm would be done to the threatened interests

5    if the disclosure were made. *Kelly*, 114 F.R.D. at 670.

6         Defendants make a sufficient showing that the confidential documents and confidential

7    information sought regarding cell searches are covered by the official information privilege with

8    the declaration of S. Soderlund, the litigation coordinator at Pelican Bay. *See* Docket No.71-2 at

9    15–17.  The burden thus shifts to Plaintiff to: (1) show how the requested information is relevant

10   to the litigation or is reasonably calculated to lead to the discovery of admissible evidence; (2)

11   identify his interests that would be harmed if the material were not disclosed; and (3) show how

12   that harm would occur and how extensive it would be.  *Kelly*, 114 F.R.D. at 671.

13        Plaintiff has not met his burden.  He does not identify his interests that will be harmed if

14   the materials are not disclosed and does not explain how that harm will occur or how extensive it

15   will be.  He also fails to show that the information is relevant.  A showing that a supervisor acted,

16   or failed to act, in a manner that violated an inmate's constitutional rights demonstrates

17   supervisory liability.  *See*, *e.g.*, *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011).

18   Complaints against Defendants that are unrelated to Plaintiff's exercise of his religious rights

19   would not be relevant to a finding of supervisory liability or to any finding of culpability.  Plaintiff

20   cites an employment discrimination case for the proposition that prior incidents are relevant to

21   motive or intent.  However, that proposition is specific to racial discrimination cases.  *See*, *e.g.*,

22   *Sussel v. Wynne*, No. CIV 05–00444 ACK/KSC, 2006 WL 5940802, *2 (D. Haw. Oct. 12, 2006).

23   Moreover, any prior complaints have limited probative value in determining Defendants' intent in

24   choosing Kosher menus and serving Kosher meals.  Prior complaints would, at most, be relevant

25   to Defendants' credibility if they claim that any failures to serve Plaintiff Kosher meals were

26   mistakes.

27        To the extent that materials in Defendants' personnel files might be relevant to

28   Defendants' credibility or be relevant for impeachment purposes, such documents are not

United States District Court
Northern District of California

United States District Court
Northern District of California

1    necessary at this point in the litigation.  On a motion to dismiss, a reviewing court accepts factual

2    allegations in the complaint as true and construes the pleadings in the light most favorable to the

3    nonmoving party.  *See Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005).  On a summary

4    motion, a reviewing court views the evidence in the light most favorable to the nonmoving party,

5    and the inferences to be drawn from the facts must be viewed in the light most favorable to the

6    nonmoving party.  *See T.W. Elec. Serv. Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 631

7    (9th Cir. 1987).  Accordingly, Defendants' credibility is not currently at issue.  If this case goes to

8    trial, Plaintiff may seek materials from Defendants' personnel files in more narrowly tailored

9    discovery requests.  The Court therefore DENIES Plaintiff's motion to compel further responses to

10   RFP No. 2.

11   **C.      Document Request No. 3**

12          Document Request No. 3 requests:

13          Any and all information about the Nutritional facts of ech (sic) Kosher food products –
            meals (exclusively from Element Food Company) including the ingredient contents and the
14          cost of the Element Kosher Food Program.

15   (Docket No. 71 at 2.)  Defendants state that they have already produced responsive documents,

16   specifically 188 pages of nutritional information for Elements Foods and Kosher foods.  Of these

17   188 pages, 28 pages were filed with the Court as part of Defendant CDCR Departmental Food

18   Administrator L. Maurino's declaration in support of Defendants' summary judgment motion.  *See*

19   Docket No. 42-1 at 26–52.  The Maurino declaration establishes that the CDCR's standard Kosher

20   menu is based on a three-week cycle that is repeated throughout the year.  *See* Docket No. 42 at ¶

21   18.  Defendants provided the standard three-week Kosher menu for fiscal years 2012-2013 and

22   2013-2014, which were the fiscal years that Elements Foods was contracted to provide Kosher

23   meals.  *See id.* at ¶ 18 and Exhs. C and D.  The menus list the specific items provided at each meal

24   and the portion size of each item.  *See id.*, Exhs. C and D.  Defendants also provided a copy of a

25   one-page chart that lists the overall caloric and nutritional composition of Elements Foods Kosher

26   meals.  *See id.*, Exh. A.  However, there is nothing in the record that shows the nutritional

27   information per item.  This type of information was provided for the Kosher meals prepared by the

28   Bateman Facility, *see id.*, Ex. G, and Plaintiff is entitled to this type of information for the meals

provided by Elements Foods.  Plaintiff's motion to compel further responses to RFP No. 3 is therefore GRANTED.  Defendants are ordered to produce any and all documents that specify the specific nutritional information of each item in the meals prepared by Elements Foods.  If this information has already been produced, e.g. included in 160 pages of nutritional information produced to Plaintiff but not filed with the Court, or if no such documents are available, Defendants should inform Plaintiff accordingly and identify, by Bates number, the documents that contain the information.

In addition, Plaintiff requests that Defendants "state if [the documents already produced] are an accurate representation of the food products in question, specifically, nutritional components-value which [Plaintiff] was receiving during relevant time frames, and if so, whether this information form[ed] the basis for CDCR standardized Kosher food program at all institutions included PBSP."  *See* Docket No. 71-2 at 38.  If Plaintiff has questions about the documents produced, he may direct these questions to Defendants by propounding interrogatories.  By producing responsive documents, Defendants have met their discovery obligations for this RFP. *See* Fed. R. Civ. P. 34 (party may respond to RFPs by filing objections, setting a time for inspection of documents, or by producing copies of documents).

**D.     Document Request No. 4**

Document Request No. 4 requests:

> [a]ny and all policies, directives, procedures, and/or instructions to Kitchen staff concerning Kosher serving and preparations.

(Docket No. 71 at 2.)  Defendants state that they have already produced Kosher menus, information regarding CDCR's Kosher meal vendors, the statewide procedure for Kosher meals, and the prison's local operating procedures related to religious programs.  Plaintiff appears to find Defendants' production insufficient for two reasons.  First, Plaintiff claims that this request seeks relevant evidence because "it concerns Defendants knowledge and identities of those directly involve (sic)."  *See* Docket No. 71-2 at 39.  Second, Plaintiff states that Defendants have failed to provide verification that the documents produced were in effect at the relevant times.  *See id.* Similar to RFP No. 4, by producing responsive documents, Defendants have met their discovery

United States District Court
Northern District of California

obligations for this RFP.  *See* Fed. R. Civ. P. 34 (party may respond to RFPs by filing objections, setting a time for inspection of documents, or by producing copies of documents).  Defendants are not required to provide verifications or explanations to accompany responsive documents.  Furthermore, Plaintiff may use interrogatories or a more narrowly tailored RFP to ascertain when the documents already produced were in effect.  The Court therefore DENIES Plaintiff's motion to compel further responses to RFP No. 4.

**E.     Document Request No. 5**

Document Request No. 5 requests:

[a]ny and all information – documents about R. Losacco's effects in seeking donations in order to obtain religious material for jewish inmates.

(Docket No. 71 at 2.)  Defendants argue that this request does not seek documents relevant to the allegations in the FAC.  Plaintiff argues that "considering that defendant Losacco is responsible in making religious accomadations (sic), coordinating religious activity, this request is within its boundaries, for plaintiff claims that PBSP jewish religious program is constitutionally inadequate which places a substantial burden on plaintiff's religious freedoms."  *See* Docket No. 71-2 at 39.

The Court agrees with Defendants that RFP 5 requests documents that are neither relevant nor reasonably calculated to lead to admissible evidence.  Because Plaintiff has access to Jewish religious texts in the prison chapel and library, it appears that Plaintiff is arguing that he is entitled to a personal copy of Jewish religious texts.  *See* FAC ¶¶ 127, 135–138, and 166; and Docket No. 41 ("Losacco Decl.") ¶ 11.  The relevant issue is therefore whether Defendants' failure to provide Plaintiff with personal copies of Jewish religious texts burdened Plaintiff's practice of his religion without either (1) justification reasonably related to legitimate penological interests, s*ee Shakur v. Schriro*, 514 F.3d 878, 883–84 (9th Cir. 2008), or (2) without furthering a compelling governmental interest; and without choosing the least restrictive means of furthering that interest, *see* 42 U.S.C. § 2000cc-1(a).  In other words, if Defendants prohibited Losacco from seeking donations of religious texts, this could arguably lead to admissible evidence, assuming that the lack of individual religious texts burdened an inmate's practice of his religion.  However, Losacco's efforts to accommodate Plaintiff's request is not relevant to whether Plaintiff's practice

of his religion has been burdened or to whether PBSP's "Jewish religious program" is adequate. The Court therefore DENIES Plaintiff's motion to compel further responses to RFP No. 5.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to compel discovery is GRANTED IN PART AND DENIED IN PART.

This order terminates Docket No. 71.

**IT IS SO ORDERED.**

Dated:  January 8, 2016

_____
JON S. TIGAR
United States District Judge